### MITTLEMAN v. TODD.

(Supreme Court, Appellate Division, First Department. March 7, 1913.)

1. PAYMENT (§ 76*)—QUESTIONS FOR JURY—APPLICATION—EXERCISE OF OPTION.

In an action on an instrument acknowledging receipt of money from plaintiff's assignor, to be repaid to him on or before a given time, "with the understanding that, in case I fail to repay said amount, he may have the same applied" upon a bond specified, the issue whether defendant or the assignor had the option to apply the amount on the bond is an immaterial one, where it is undisputed that the amount was so applied by consent of both parties.

[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 240–248; Dec. Dig. § 76.*]

2. APPEAL AND ERROR (§ 1170*)—REVIEW—HARMLESS ERROR.

Where evidence so preponderated in favor of defendants that a verdict for plaintiff would not stand, any error in directing a verdict for defendant was harmless, under Code Civ. Proc. § 1317, as amended by Laws 1912, c. 380, authorizing the court on appeal to give the judgment the trial court should have rendered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4032, 4066, 4075, 4098, 4101, 4454, 4540–4545; Dec. Dig. § 1170.*]

Appeal from Trial Term, New York County.

Action by Bernard Mittleman against John R. Todd. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-LIN, CLARKE, and SCOTT, JJ.

Alfred B. Nathan, of New York City, for appellant.
Ralph S. Rounds, of New York City, for respondent.

McLAUGHLIN, J.  Action to recover $15,000 upon the following instrument:

"December 13, 1904.

"Received from George K. Wallace a loan of fifteen thousand ($15,000) dollars, to be repaid to him on or before four months from the date hereof, with the understanding that, in case I fail to repay said amount, he may have the same applied upon the bond of the second mortgage of seventy-five thousand ($75,000) dollars on Hotel Seymour.          John R. Todd."

At the close of the trial a motion was made to dismiss the complaint. A decision upon the motion was reserved, and the issues were submitted to the jury, with instructions to find a general verdict, and also to answer certain specific questions of fact. The jury disagreed, and the trial court, after argument, granted the motion to dismiss. Plaintiff appeals.

[1] The principal question litigated was whether Wallace, plaintiff's assignor, or the defendant, had, under the instrument above quoted, the option to apply the $15,000 upon the mortgage therein referred to. It was unnecessary to determine that issue, because the undisputed evidence establishes that the $15,000 was actually applied as a payment upon the mortgage by consent of both parties. The letters passing between them after the payment was made, and especially Wallace's letter of January 30, 1905 (Defendant's Exhibit M), and defendant's letter to Wallace, dated January 28th (Defendant's Exhibit L), taken in connection with the other correspondence, clearly and unmistakably establishes it. The trial court, I think, should have so held and dismissed the complaint.

[2] But, even if it be held there was some evidence to go to the jury, the evidence was so preponderating in favor of the defendants that a verdict in favor of the plaintiff would not be permitted to stand. Under the recent amendment of section 1317 of the Code of Civil Procedure (Laws 1912, c. 380), it is the duty of this court to give the judgment which the trial court should have given. This amendment provides that:

"After hearing the appeal the court must give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties."

The judgment appealed from is therefore affirmed, with costs. All concur.